UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| VERMONICA HAYNES<br>AND JEFFERY HAYNES, et al. | CIVIL ACTION |
| VERSUS | NO. 13-649-JJB-RLB |
| HEALTHCARE SERVICES<br>GROUP, INC., et al. | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 30, 2014.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| VERMONICA HAYNES<br>AND JEFFERY HAYNES, et al. | CIVIL ACTION |
| VERSUS | NO. 13-649-JJB-RLB |
| HEALTHCARE SERVICES<br>GROUP, INC., et al. | |

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion to Remand (R. Doc. 4). Defendants, Healthcare Services Group, Inc. and Zurich American Insurance Company (Defendants), filed an Opposition in response to Plaintiffs' Motion. (R. Doc. 6). For the reasons discussed below, it is recommended that Plaintiffs' Motion to Remand be **GRANTED** and the case be **REMANDED** to state court for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff, Vermonica Haynes, is a Louisiana citizen employed by Affinity Nursing and Rehabilitation. Non-diverse Defendant, Christopher Cross, is employed by Healthcare Services Group, a company in contract with Affinity Nursing to provide janitorial services. On September 4, 2012, Ms. Haynes alleges that Mr. Cross was buffing or waxing the floor at "Affinity Nursing and Rehab" while acting in the course and scope of his employment. (R. Doc. 1-1, the Petition). The Petition alleges that Mr. Cross sprayed an unknown substance on the floor. While walking to the nursing station in the building, Ms. Haynes claims she slipped and fell as a result of the unknown substance that was placed on the floor by Mr. Cross. The Petition

2

alleges that Mr. Cross created the hazardous conditions on the floor, failed to warn others of the hazardous conditions, and failed to put out a "Wet Floor" sign in the area where he created the hazardous condition by spraying the unknown substance.

Following the alleged incident, Plaintiffs filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge against the janitorial service, Healthcare Services Group, Inc.; its employee, Christopher Cross; and Healthcare's liability insurer. Plaintiffs are all citizens of Louisiana, as is Mr. Cross. Healthcare and its liability insurer, both diverse from Plaintiffs, removed the action to federal court alleging diversity jurisdiction based on the improper joinder of Christopher Cross. (R. Doc. 1).

According to Defendants, Mr. Cross is improperly joined to defeat jurisdiction because (1) as his employer Healthcare is vicariously liable for Mr. Cross' negligent acts committed in the course and scope of employment and is therefore the real party in interest, and (2) Plaintiffs have failed to serve[1] Mr. Cross. (R. Docs. 1 and 6).[2] Plaintiffs disagree, arguing Mr. Cross is an

---

[1] While a plaintiff's failure to serve a nondiverse defendant should be considered, it is rarely sufficient by itself to establish improper joinder. *Cf. Griggs*, 181 F.3d at 699 (finding improper joinder where, complaint was insufficient to state a claim as it only mentioned non-diverse defendant "once in passing" and failed "to state any specific actionable conduct on her part whatsoever" and, in addition to insufficient pleadings, plaintiff did not attempt to serve non-diverse defendant); *Berggreen v. Sallie Mae, Inc.*, No. 07-467, 2008 WL 2038910, at *3 (M.D. La. May 12, 2008) (finding improper joinder where plaintiffs failed to state a claim against non-diverse defendant and had still not served defendant over a year after filing suit without explanation). Here, Plaintiffs have stated a valid claim against non-diverse Defendant, Mr. Cross. Plaintiffs also acknowledged they should have been more diligent in serving Mr. Cross, but explained they are currently attempting to serve him to no avail. Given the circumstances, Plaintiffs' failure to serve Mr. Cross is alone insufficient to find improper joinder.

[2] Defendants also argue that "Plaintiffs would not *practically* be able to recover their alleged claimed damages from Mr. Cross, a low-wage custodian." (R. Doc. 6 at 5) (emphasis added). Essentially, Defendants suggest Mr. Cross' solvency should be part of the Court's improper joinder inquiry. The Court does not agree. "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993). In other words, the possibility of imposing liability on Mr. Cross has nothing to do with the *practicability* of recovering from Mr. Cross. *See White v. Occidental Fire & Cas. Ins. Co. of N.C.*, No. 12-1729, 2012 WL 4483008, at *1 (E.D. La. Sept. 27, 2012) (rejecting defendant's argument that its non-diverse employee was improperly joined because employer, not employee, was the party who would actually satisfy any judgment) (citing *Frontier Airlines, Inc. v. United Airlines, Inc.*, 758 F. Supp. 1399, 1404 (D. Colo. 1989) ("Where a plaintiff seeks monetary damages against defendants alleged to be jointly and severally liable, the court may not disregard properly joined defendants simply because a non-resident defendant has the capital reserves to satisfy an entire judgment.")).

important and necessary party. Plaintiffs suggest that as the actual tortfeasor Mr. Cross is responsible for his own negligent conduct, regardless of whether his employer might also be vicariously liable. (R. Doc. 4).

## II.  LEGAL STANDARD

Improper joinder "is established by showing: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003) (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003)). Concerning the latter, the Fifth Circuit advises that courts "must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Ross*, 344 F.3d at 462 (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). There must exist a "*reasonable* possibility of recovery, not merely a *theoretical* one." *Id*.

The burden of persuasion on the defendant who asserts improper joinder is a heavy one. *Travis*, 326 F.3d at 648. Even though this burden rests with the removing party, a plaintiff may not rest upon mere allegations in his or her pleadings. *Ross*, 344 F.3d at 462. To determine the validity of an improper joinder claim, a court "may pierce the pleadings and consider summary judgment-type evidence." *Id*. at 463. In pursuing this inquiry, a court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Travis*, 326 F.3d at 649. Moreover, a court must resolve all factual disputes in favor of the plaintiff. *Burden v. Gen. Dynamics*, 60 F.3d 213, 217 (5th Cir. 1995). Finally, the Court must resolve all ambiguities of state law in favor of the plaintiff. *Ross*, 344 F.3d at 463.

## III. DISCUSSION

Defendants argue Plaintiffs have no possible cause of action against Mr. Cross under Louisiana law. In Louisiana, courts hold an individual employee liable to a third party when: (1) the employer owes duty of care to the plaintiff; (2) the employer delegates the duty to the employee; (3) the employee breaches the duty of care through personal fault; and (4) the employee has a personal duty towards the plaintiff, and the breach of that duty caused the plaintiff's damages. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973); *Ford v. Elsbury*, 32 F.3d 931, 935-36 (5th Cir. 1994).

Defendants argue that Plaintiffs cannot recover against Mr. Cross as he was merely acting in the course and scope of his employment. Instead, his employer, Healthcare Services Group, is *vicariously* liable for Mr. Cross' alleged conduct and is the real part in interest.

To begin, vicarious and personal liability are not antithetical. "If the elements for imposing liability on the corporate employee are met, it does not matter that the corporation might also be [vicariously] liable." *Ford*, 32 F.3d at 936; *see also Ogea v. Merritt*, 130 So.3d 888, 901 n.10 (La. 2013) (recognizing general tort principle that "an officer/agent of a corporation can incur personal liability for the officer's/agent's tortious conduct"). And so, if Plaintiffs have sufficiently pled a cause of action against Mr. Cross, the possibility of his employer's vicarious liability is immaterial. Having found Healthcare's vicariously liability inconsequential, the Court now turns to whether Plaintiffs might have a cause against Mr. Cross. This consideration is guided by the *Canter* factors.

In *Canter*, the Louisiana Supreme Court noted an employee could not be personally liable "simply because of his general administrative responsibility for performance of some function of employment." *Canter*, 283 So.2d at 721. Instead, the employee had to have "a personal duty

towards the plaintiff." *Id*. The employee must then breach this duty through personal fault, including the failure to remedy a risk the employee knew or should have known about. *Id*.

In the employee-defendant context, improper joinder is typically found when a plaintiff seeks to "impose liability on [a non-diverse employee] for breaches of his [or her] general administrative duties."[3] By contrast here, Plaintiffs allege Mr. Cross was personally responsible for creating the dangerous condition and had personal knowledge of it, but failed to remedy it. In other words, he was personally involved because he is the actual tortfeasor. Under Louisiana law, an employee's personal involvement in causing the alleged injury or the employee's "'knowledge of the dangers present could give rise to the personal duty contemplated by *Canter*.'" *Ford*, 32 F.3d at 936 (quoting *Hayden v. Phillips Petroleum Co.*, 788 F. Supp. 285, 287 (E.D. La. 1992)); *see also Randolph v. Wyatt*, No. 09-2020, 2010 WL 569753, at *5 (W.D. La. Feb. 11, 2010) (plaintiff stated claim against employee by alleging employee was personally involved in injury and had personal knowledge of harm). Thus, even if Mr. Cross had only general administrative duties, he could still be liable for Plaintiffs' injuries if he created or had personal knowledge of the danger and failed to cure the risk of harm. *See Ford*, 32 F.3d at 936 (noting that an employee's knowledge of a risk of harm and failure to respond to the risk could create personal liability under *Canter*); *Hayden*, 788 F. Supp. at 287 (finding an employee's alleged personal knowledge of a dangerous pipeline could give rise to personal duty under *Canter*); *Creppel v. Apache Corp.*, No. 04-865, 2004 WL 1920932, at *4 (E.D. La. Aug. 25,

---

[3] *Compare Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958, 960 (M.D. La. 1995) (employee was improperly joined where plaintiffs did not allege non-diverse defendant "was the employee who stacked the boxes improperly or who personally caused the accident" but instead alleged breach of employee's general duties); *Black v. Lowe's Home Ctrs., Inc.*, No. 10-478, 2010 WL 4790906, at *1-3 (M.D. La. Oct. 22, 2010) (allegations that employee failed to properly supervise, inspect premises/aisle, maintain a safe environment, and remedy dangerous condition were insufficient under Canter absent allegations of personal involvement in creation of allegedly dangerous condition); *Alexander v. Norfolk S. Corp.*, No. 97-311, 1997 WL 728186, at *6 (E.D. La. Nov. 19, 1997) (plaintiffs had no claim against defendant-employees because employees were general supervisors, and plaintiffs did not allege that employees had personal knowledge of danger created by trains).

2004) (plaintiffs stated a cause of action against non-diverse employee where "plaintiffs allege that [employee] had personal knowledge of the dangerous well and that he failed to remedy the danger."); *George-McGee v. Wal-Mart Stores, Inc.*, No. 90-2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (allegation of employee's "personal negligence" – i.e., employee was "operating the steel dolly which allegedly struck the plaintiff from behind" – was "sufficient to state a claim . . . with ample possibility of recovery"); *Crooks v. Nat'l Union Fire Ins. Co*., 620 So.2d 421, 425 (La. App. 3 Cir. 1993) (where vacuuming employee "pulled the vacuum cleaner hose across the aisle" causing plaintiff to fall, court found employee negligent in "(1) not warning [plaintiff] that he was going to pull the vacuum cleaner hose across the aisle, and (2) in pulling the hose without first ascertaining the safety of doing so.").

Because Plaintiffs allege that Mr. Cross was personally at fault, the Court finds they have stated a "reasonably arguable" claim against Mr. Cross. At this point, Defendants "must come forward with evidence to negate the possibility of liability against the non-diverse defendant." *Randolph*, 2010 WL 569753, at *5 (remanding where plaintiff stated a claim against non-diverse employee and defendant failed to produce summary judgment-type evidence to refute plaintiff's allegations). Defendants have not done so, choosing to rely solely on their Opposition to Plaintiffs' Motion to Remand, and have therefore failed to preclude the possibility that Mr. Cross is subject to liability.

The Court finds Defendants have not carried their heavy burden of establishing improper joinder and there is at least a reasonable possibility that Mr. Cross may be liable to Plaintiffs. *See Nata v. Wal-Mart Stores, Inc.*, No. 92-2295, 1993 WL 30300, at *3 (E.D. La. Jan. 29, 1993) (remanding where plaintiff alleged non-diverse employees were personally negligent and defendant failed refute allegations with any evidence).

7

## IV.   CONCLUSION

For the reasons given above, it is **RECOMMENDED** that Plaintiffs' Motion to Remand (R. Doc. 4) be **GRANTED** and the case be **REMANDED** to the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, for lack of jurisdiction.

Signed in Baton Rouge, Louisiana, on May 30, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**